UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANE MICHAEL THOMPSON, | No. 2:19-cv-2328 DB P |
| Petitioner, | |
| v. | ORDER |
| M.E. SPEARMAN, | |
| Respondent. | |

Petitioner has requested the appointment of counsel. ECF No. 2. In support of the motion, petitioner asserts that he suffers from a mental disability – "A.D.H.D." – and that as a result, he is "unable to proceed alone" in these proceedings. See id. He states that the disability makes it difficult for him to understand and that it prevents him from focusing long enough to represent himself. See id. Finally, petitioner contends that the appointment of counsel is warranted because the issues in his case are particularly complex. See id.

There currently exists no absolute right to the appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.

A review of the petition indicates that it has been assembled in an organized fashion. See generally ECF No. 1. It first lists in longhand a brief summary of petitioner's four claims. See id.

at 5-6.  Then, it attaches a state appellate brief which fully argues each of those claims.  See id. at 7-36.  For these reasons, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that petitioner's request for appointment of counsel, filed November 18, 2019 (ECF No. 2), is DENIED without prejudice to a renewal of the motion at a later stage of the proceedings.

Dated: December 5, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABRAS/thom2328.110

2