UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANE MICHAEL THOMPSON,<br><br>Petitioner,<br><br>v.<br><br>M.E. SPEARMAN,<br><br>Respondent. | No. 2:19-cv-2328 KJM DB P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court is respondent's motion to dismiss the petition. (ECF No. 9). For the reasons stated herein, the court will deny the motion without prejudice, and it will direct petitioner to file a first amended petition.

I.  RELEVANT PROCEDURAL HISTORY

On December 6, 2019, respondent was ordered to file a response to the instant petition within sixty days. (ECF No. 5). On January 31, 2020, respondent filed the instant motion to dismiss. (ECF No. 9). In support of the motion, respondent ultimately asserts that the manner in which petitioner has filled out the petition form makes it unclear precisely which claims petitioner

1

wishes to raise on federal habeas appeal. (See id. at 1). As a result, respondent contends, the petition should be summarily dismissed for failure to state a claim, or in the alternative, the court should identify petitioner's federal claims for respondent. (See id. at 2).

II. DISCUSSION

This court is obligated to construe a pro se litigant's pleadings liberally. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed). A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that he can prove no set of facts in support of his claims which would entitle him to relief. See id. at 106 (internal quotation marks omitted) (citations omitted).

To this end, when reviewing petitioner's pleading, the court inferred that petitioner's four claims that he made on direct appeal, were the same claims he intended to raise in this action. The claims attached to the petition form clearly state grounds for relief, and they provide supporting facts for those grounds. (See generally ECF No. 1 at 5-36).

Nevertheless, to the extent that respondent asserts that he is unable to determine which claims the federal petition raises, the court takes his concerns at face value. As a result, it will direct petitioner to file an amended petition which more clearly identifies the claims he intends to raise in this action. See Fed. R. Civ. P. 15(a)(2) (permitting leave to amend when justice so requires).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss, filed January 31, 2020 (ECF No. 9), is DENIED without prejudice;

2. Within thirty days of the date of this order, petitioner shall file a first amended complaint which clearly identifies which claims he intended to raise in this action;

3. Within thirty days of the date of service of petitioner's first amended complaint, respondent shall file a response to the pleading, and

////

////

2

4. The Clerk of Court shall send petitioner a copy of this court's Petition for a Writ of Habeas Corpus By A Person in State Custody.

Dated: March 2, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABEAS/thom2328.hab.mtd.den