UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANE MICHAEL THOMPSON, | No. 2:19-cv-2328 KJM DB P |
| Petitioner, | |
| v. | ORDER |
| M.E. SPEARMAN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2017 conviction in Sacramento County Superior Court. Respondent has filed a motion to dismiss. (ECF No. 25.)

Petitioner has requested the appointment of counsel. (ECF No. 33.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. As stated in the court's April 26, 2021 order denying petitioner's previous motion for the appointment of counsel, the court does not find that the interests of justice would be served by the appointment of counsel in this case at the present time.

In addition, petitioner has filed his third request for an extension of time to file and serve an opposition to respondent's January 4, 2021 motion to dismiss pursuant to the court's order of

1

April 7, 2021. (ECF No. 33.) Petitioner's first request for an extension of time was on April 21, 2021. (ECF No. 29.) Petitioner requested a second extension of time on May 10, 2021. (ECF No. 31.)

In his motion, petitioner states that he had previously been receiving assistance in this action from another inmate. (ECF No. 33 at 1.) Due to being transferred, petitioner is now preparing an opposition to the respondent's motion to dismiss on his own. (Id.) However, petitioner has found it more difficult to write an opposition without assistance.[1] (Id.) Good cause appearing, the request will be granted. No further extensions of time will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (ECF No. 33) is denied without prejudice to a renewal of the motion at a later stage of the proceedings;

2. Petitioner's request for an extension of time (ECF No. 33) is granted; and

3. Petitioner is granted sixty days from the date of this order in which to file and serve his opposition. No further extensions of time will be granted.

Dated: June 1, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Habeas/R/thom2328.110+111(3)

---

[1] In his motion, petitioner also asks the court how he should prove that he has exhausted his claims. (ECF No. 33 at 1.) The court will not give legal advice to the parties or advise them about how to address arguments brought by an opposing party. However, the court will note that the exhaustion requirement for cases brought under § 2254 is stated at 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). If a claim has been presented to the California Supreme Court, it is considered exhausted for the purposes of 28 U.S.C. § 2254(b)(1).

3