UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANE MICAEL THOMPSON,<br><br>Petitioner,<br><br>v.<br><br>M.E. SPEARMAN,<br><br>Respondent. | No. 2:19-cv-2328 KJM DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2017 conviction in Sacramento County Superior Court. Before the court is respondent's motion to dismiss (ECF No. 25) for failure to exhaust grounds three and four stated in the second amended petition ("SAP") (ECF No. 20). For the reasons set forth below, this court will recommend the motion to dismiss be granted and the SAP be dismissed with leave to amend.

////
////
////
////
////
////

1

**BACKGROUND**

Petitioner was convicted by a jury of one count of first degree murder and one count of second degree robbery. (ECF No. 20 at 1.) Petitioner was sentenced to life without the possibility of parole on July 14, 2017. (Id.)

Petitioner filed an appeal in the California Court of Appeal, Third Appellate District who upheld petitioner's conviction. (Id. at 2.) Petitioner subsequently filed a petition for review with the California Supreme Court appealing his conviction. (Id.) The California Supreme Court denied the petition for review on January 23, 2019. (Id.) Petitioner did not file any other appeals or habeas petitions related to this action in either state or federal court. (Id.)

Following the screening process, petitioner filed the SAP on October 23, 2020. (ECF No. 20.) In his SAP, petitioner raises four grounds for relief: (1) "the trial court committed an error which violated petitioners rights when it gave the 'firecracker' instruction and the jury announced it was unable to reach a verdict"; (2) "[petitioner's] state and federal rights to trial by jury and to due process of law were violated when the trial court permitted the alternate jurors to accompany the jury during deliberations on May 30th and May 31st"; (3) "the sentence of life without the possibility of parole amounts to cruel and unusual punishment under the California Constitution"; (4) "errors committed at sentencing must be corrected". (Id. at 4-5.)

On January 4, 2021, respondent filed the present motion to dismiss which argues that the SAP should be dismissed as petitioner had not exhausted grounds three and four of the petition. (ECF No. 25.) Petitioner filed an opposition to the motion to dismiss on August 2, 2021.[1] (ECF No. 36.) Respondent did not file a reply.

////

---

[1] Petitioner also filed a "letter in response" to the motion to dismiss. (ECF No. 35.) Attached to this letter are three documents. Two are letters from petitioner's appellate attorney advising him on what steps petitioner could take following the California Supreme Court's denial of his appeal (Id. at 3-4) and the third is a copy of the denial of the petition for review issued by the California Supreme Court (Id. at 5). The local rules do not permit a party to file multiple oppositions to a motion. L.R. 230(c). Nonetheless, in light of petitioner's pro se status, the undersigned has reviewed the both petitioner's opposition (ECF No. 36) as well as the "letter in response" and documents attached to it (ECF No. 35).

**MOTION TO DISMISS**

I. **Legal Standards**

   A. **Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). See Lee v. Quarterman, 2008 WL 1696879 at *3 (S.D. Tex. 2008) ("[I]n habeas practice, a motion to dismiss for failure to exhaust pursuant to Rule 4 is the functional equivalent of a similar Rule 12(b)(6) motion in general civil practice.") (citing Purdy v. Bennett, 214 F.Supp.2d 348, 353 (S.D.N.Y. 2002). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). In general, exhibits attached to a pleading are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)). In ruling on a motion to dismiss, courts may consider certain other sources including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, (2007).

   B. **Exhaustion**

A petitioner who is in state custody and wishes to challenge his conviction by a petition for writ of habeas corpus must have exhausted state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal bases. Duncan, 513 U.S. at 365 (legal basis); Keeney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

A "mixed" habeas petition contains a combination of exhausted and unexhausted claims. Dixon v. Baker, 847 F.3d 714, 718 (9th Cir. 2017). Generally, where all claims have not been exhausted, a district court is required to dismiss the entire petition. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). Outright dismissal is disfavored as it may result in the petitioner being time-barred by AEDPA's statute of limitations. Smith v. Ratelle, 323 F.3d 813, 817 (9th Cir. 2003). Instead, a petitioner may amend a mixed petition to strike unexhausted claims. Id.

**C. Stay for Purposes of Exhaustion**

"Federal courts must dismiss habeas petitions that contain both exhausted and unexhausted claims, unless a petitioner requests a stay and abeyance of his mixed petition that satisfies the requirements of Rhines v. Weber." Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014) (citing Rose v. Lundy, 455 U.S. 509, 522 (1982) and Rhines v. Weber, 544 U.S. 269 (2005)) (citations omitted). Upon request by a petitioner, a court may stay an action so that the petitioner can attempt to exhaust his claims in state court. Id. Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay the action as to exhausted claims subject to potential later amendment of petition), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

The first stay procedure is referred to as a "Rhines stay." Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there

4

is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

The second stay procedure is referred to as a "Kelly stay." Under Kelly, the court may also stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely...[a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41. If a petitioner's newly exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. Id. at 1141.

A petitioner with a mixed petition may choose to amend the petition to strike unexhausted claims or request a stay to seek exhaustion in state court of previously unexhausted claims. Dixon, 847 F.3d at 719. The stay can be requested under either the Rhines or Kelly procedures set for above. If a stay is requested but determined to be inappropriate, the court must still "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims." Id. (quoting Rhines, 544 U.S. at 278).

**II.    Analysis**

Respondent contends that petitioner failed to exhaust grounds three and four raised in the SAP. (ECF No. 25 at 2.) The third claim stated in the SAP is "the sentence of life without the possibility of parole amounts to cruel or unusual punishment under the California Constitution." (ECF No. 20 at 4.) The fourth claim is "errors committed at sentencing must be corrected." (Id. at 5.) Respondent cites to petitioner's appeal to the California Supreme Court as proof petitioner failed to exhaust these claims. (ECF No. 25 at 2.) Petitioner also cites the same appeal to the California Supreme Court as the evidence that he did exhaust these claims. (ECF No. 36 at 1) ("I

5

ask the court to reference: Court of Appeal No. CO85115 (Super. Ct. No. 16FE009089) as proof of exhaustion.").

In the "petition for review" filed by petitioner to appeal his conviction to the California Supreme Court, petitioner raised two claims. (Lodged Documents ("LD") 3 at 2.[2]) These two claims are: (1) "The trial court committed an error that violated defendant's rights to have trial by jury under the federal and state Constitutions when it gave the 'firecracker' instruction after the jury announced it was unable to reach verdicts" (Id. at 7-12) and (2) "Defendant's state and federal rights to trial by jury and to due process of law were violated when the trial court permitted the alternate jurors to accompany the jury during deliberations on May 30th and May 31st, 2017" (Id. at 13-16). There are no other claims raised in petitioner's appeal to the California Supreme Court. (Id. at 7-16.)

Petitioner only made one appeal or petition to the California Supreme Court. (ECF No. 20 at 2; ECF No. 25 at 1-2.) As such, any claim not raised in that appeal is unexhausted for purposes of § 2254 as the highest state court would not have a full and fair opportunity to hear those claims. Duncan, 513 U.S. at 365; Picard, 404 U.S. at 276; Johnson, 88 F.3d at 829. In his petition appealing his conviction to the California Supreme Court, the petitioner did not raise the claim that life without the possibility of parole was cruel and unusual punishment. (See LD 3.) Petitioner also did not raise the claim that there were errors at sentencing. (Id.) These are the third and fourth claims raised in the SAP. (ECF No. 20 at 4-5.) As the highest state court was not given an opportunity to hear either of these claims, petitioner has failed to exhaust both claims. Duncan, 513 U.S. at 365; Picard, 404 U.S. at 276; Johnson, 88 F.3d at 829.

////

---

[2] Along with the motion to dismiss, respondent electronically lodged documents from petitioner's original criminal case and subsequent appeals. (See ECF No. 27.) This includes the petition for review filed with the California Supreme Court by the petitioner. (ECF No. 27-3.) On its own motion, the court takes judicial notice of the petition for review to the California Supreme Court as it is an undisputed matter of state court record. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

Petitioner's SAP also contains exhausted claims. Petitioner raised claims regarding the firecracker instruction and whether the admission of alternate jurors to jury deliberations violated petitioner's due process rights in his appeal to the California Supreme Court. (LD 3 at 2.) As these claims were presented on their factual and legal basis on appeal, they have been exhausted for purposes of § 2254. Duncan, 513 U.S. at 365 (legal basis); Keeney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis). These claims are also raised in the SAP. (ECF No. 20 at 4.)

Given the above, the SAP is a mixed petition containing both exhausted and unexhausted claims. The court must dismiss a mixed petition unless the petitioner has requested a stay and abeyance of the proceedings. Butler, 752 F.3d at 1180. At present, petitioner has not requested a stay in order to seek exhaustion of his unexhausted claims.[3] As such, the court must recommend the dismissal of the SAP. Id. The undersigned will be recommended that respondent's motion to dismiss be granted and petitioner's second amended petition be dismissed. However, petitioner will be permitted to amend his complaint to strike any unexhausted claims. Smith, 323 F.3d at 817.

/////
/////
/////
/////
/////
/////
/////
/////

---

[3] Should petitioner seek to stay he is reminded to abide by the requirements set out above for the type of stay requested. Should petitioner not request a stay and chooses to amend his complaint, petitioner is cautioned he may risk forfeiting consideration of the unexhausted claims in this or any other federal habeas proceedings. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rules Governing Section 2254 Cases, Rule 9(b). Petitioner is further advised that a one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis).

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 25) be granted as the second amended petition states both exhausted and unexhausted claims; and

2. The second amended petition (ECF No. 20) be dismissed with leave to amend to state only claims that have been exhausted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: August 11, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Habeas/S/thom2328.mtd_fr

8