UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANE MICHAEL THOMPSON, | No. 2:19-cv-2328 KJM DB P |
| Petitioner, | |
| v. | ORDER |
| M.E. SPEARMAN, | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On August 30, 2021, petitioner filed objections to the findings and recommendations issued August 12, 2021. (ECF No. 38.) In his objections, petitioner asks for "time to get the help needed to ask for the right stay." (Id. at 1.) Petitioner also states that his access to the law library is currently limited. (Id.) Petitioner will be granted a sixty-day extension of time to file a motion for stay and abeyance of the current proceedings.

    Petitioner states in his objections that he is "requesting a stay and abeyance of proceedings for the purpose of exhaustion." (Id. at 2.) Given that petitioner is also requesting an extension of time to file a request for stay, this does not appear to be a request for stay by the petitioner. However, the extent that petitioner did intend to request for stay in his objections, petitioner has not met the requirements for a stay in his objections. Below is a description of the two types of

1

stay as well as what petitioner must show for the court to grant a motion for stay and abeyance. Should petitioner seek a stay he should ensure that he meets all of the requirements for the court to grant the type of stay requested.

## TYPES OF STAY

Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action to exhaust unexhausted claims. See Rhines, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay the action as to exhausted claims subject to potential later amendment of petition), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

The first stay procedure is referred to as a "Rhines stay." Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

The second stay procedure is referred to as a "Kelly stay." Under Kelly, the court may also stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely...[a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41. If a petitioner's newly exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. Id. at 1141.

////

# CONCLUSION

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time (ECF No. 38) is granted; and

2. Petitioner is granted sixty days from the date of this order file a motion for stay and abeyance of the present action.

DATED: September 3, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Habeas/R/thom2328.111