UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANE MICHAEL THOMPSON,<br><br>Petitioner,<br><br>v.<br><br>M.E. SPEARMAN, Warden,<br><br>Respondent. | No. 2:19-cv-2328 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2017 conviction in Sacramento County Superior Court. On August 12, 2021, the court found that the Second Amended Petition ("SAP") was a mixed petition containing both exhausted and unexhausted claims and recommended that this action be dismissed. (ECF No. 37.) Presently before the court is petitioner's motion for stay and abeyance of this action so that petitioner may seek to exhaust his claims in state court. (ECF No. 40.) For the reasons set forth below, this court will recommend that petitioner's motion be denied.

////
////
////
////

1

# MOTION FOR STAY AND ABEYANCE

## I.   General Legal Standards

It is well established that a federal court may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). Historically, federal courts dismissed mixed petitions. See Rose, 455 U.S. at 522; Rhines, 544 U.S. at 274. In 2005, the Supreme Court considered the propriety of staying a mixed petition. In Rhines, the Court held that stay and abeyance of a mixed petition is available in "limited circumstances" when "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. Even if a court finds good cause, however, a stay is inappropriate if the unexhausted claims are "plainly meritless" or petitioner has engaged in "abusive litigation tactics or intentional delay." Id. at 278. Under Rhines, then, a federal court may stay a petition containing exhausted and unexhausted claims if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id.

## II.   Good Cause Under Rhines

What constitutes "good cause" is not clearly defined in Rhines. The Supreme Court has explained that in order to promote the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. Extraordinary circumstances are not necessary to justify a Rhines stay. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).

In 2008, the Ninth Circuit warned that the good cause standard should not be so easy to meet that it renders "stay-and-abey orders routine" and runs "afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of

1  appeal).  In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable
2  component of the Rhines test," and that although "a bald assertion cannot amount to a showing of
3  good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust,
4  will."  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).  The court also retreated from the
5  implication in Wooten that an excuse that is a common occurrence could not constitute good
6  cause.  The court in Blake held that good cause should not be measured by "how often the type of
7  good cause [the petitioner] asserted could be raised." Id. at 981.
8       Under Blake, that good cause for failure to exhaust is established when "petitioner can set
9  forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Id. at 982
10  (citing Pace v. DiGuglielmo, 544, U.S. 408, 416 (2004)).  A petitioner's ignorance that a claim
11  was unexhausted is insufficient unless petitioner can provide evidence that indicates the
12  petitioner's ignorance was justified.  Id.  Ineffective assistance of counsel by post-conviction
13  counsel can be sufficient to establish good cause for failure to exhaust if petitioner provides "a
14  concrete and reasonable excuse, supported by evidence." Id. at 983.

15  **III.   Analysis**

16       Petitioner argues good cause exists to grant a Rhines stay as the failure to properly exhaust
17  petitioner's claims was due to ineffective assistance of appellate counsel.  (ECF No. 40 at 4-5.)
18  The motion does not provide any evidence in support of this argument.  (Id. at 4.)  Instead,
19  petitioner simply states that he did not intend to "default on any of these claims" and that any
20  such error was due to ineffective assistance of counsel.  (Id.)  These arguments are insufficient to
21  establish good cause for petitioner's failure to exhaust.
22       As stated above, ineffective assistance of post-conviction counsel can establish the
23  existence of good cause for failure to properly exhaust claims.  Blake, 745 F.3d at 983.  However,
24  petitioner has not presented any evidence to show that his ignorance that these claims were
25  unexhausted was justified.  On the contrary, the appeal petitioner previously cited as evidence
26  that he had exhausted all of his claims (See ECF Nos. 36, 27-3) plainly states only two of the four
27  claims brought in petitioner's SAP (ECF No. 20).  As such, good cause has not been established
28  ////

1  by the petitioner. The bald assertions that petitioner intended to exhaust his claims and that post-
2  conviction counsel was ineffective are insufficient. See Blake, 745 F.3d at 982-83.

3  Petitioner also argues that good cause exists for a stay under Rhines due to petitioner
4  having limited access to the law library due to the COVID-19 pandemic. (ECF No. 40 at 3.)
5  Though it might explain that petitioner was unaware that this was a requirement prior to filing his
6  petition, petitioner's present difficulty accessing the law library does not appear to have any
7  connection to petitioner's failure to exhaust his claims. Petitioner was represented by appellate
8  counsel during his state court appeals and these appeals took place back in 2018. (See ECF No.
9  27-3.) The question of good cause specifically regards whether there is good cause for
10 petitioner's failure to exhaust. See Rhines, 544 U.S. at 277 ("stay and abeyance is only
11 appropriate when the district court determines there was good cause for the petitioner's failure to
12 exhaust his claims first in state court.") As such, petitioner's current lack of access to the law
13 library is not relevant to whether good cause exists to his failure to exhaust his claims.[1]

14  Given the above, petitioner has not established good cause for the failure to exhaust the
15 unexhausted claims in the SAP. Thus, petitioner has not satisfied the necessary conditions for a
16 Rhines stay to be granted. 544 U.S. at 278. Accordingly, it will be recommended that
17 petitioner's motion for stay (ECF No. 40) be denied.

18  **CONCLUSION**

19  For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's motion for
20 stay and abeyance of this action (ECF No. 40) be denied.

21  These findings and recommendations will be submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days
23 after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties. The document should be captioned

---

[1] If petitioner was raising this argument as it related to his motion to stay, he was able to request an extension of time to file this motion. The court previously granted petitioner an extension of time to file this motion on similar grounds on September 9, 2021. (ECF No. 39.) An additional request would likely have been granted. However, petitioner seems to intend that this discussion of law library access as grounds for a Rhines stay, not an extension of time.

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  February 17, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Habeas/S/thom2328.stay